

FILED

8/21/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AARON GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-2296 (UNA) |
| | ) | |
| DON WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Aaron Gibbs's application to proceed *in forma pauperis*, his *pro se* complaint, and motion for a temporary restraining order.[1]

Plaintiff is affiliated with The Church of the Only Begotten Son.  He alleges that, in April 2020, the Sheriff of Dolores County, Colorado seized animals belonging to the church.  *See* Compl. (ECF No. 1) at 5; Mot. for TRO (ECF No. 2) at 1.  He demands return of the animals, compensation for their loss, and a permanent restraining order against the Sheriff and other local law enforcement agents and agencies.  *See* Compl. at 5; Mot. for TRO at 3.

Plaintiff's demand for injunctive relief pertains not only to the seized animals, but also to defendants' alleged misuse of law enforcement authority.  According to plaintiff, he is subjected to "Bias Police Practices, religious discrimination, Physical assault, malicious prosecution, obstruction of justice, FRAUD ON THE COURT, criminal statute violations, extortion . . . and racketeering[.]"  Mot. for TRO at 1 (emphasis in original).  He alleges that he has been accused

---

[1]  Plaintiff purports to represent the interests of The Church of the Only Begotten Son and Bishop Sant.  *See* Compl. (ECF No. 1) at 5; Mot. for TRO (ECF No. 2) at 1.  Because plaintiff is a not lawyer or otherwise demonstrates that he may represent the interests of others, the Court proceeds as if Aaron Gibbs is the sole plaintiff.  *See* 28 U.S.C. § 1654.

of crimes he did not commit and arrested without probable cause, *see id.*, "stemming back to 2005 with incidents most recent in 2020," *id*. at 4.  Plaintiff seeks an order enjoining the Sheriff, his deputies, and other law enforcement entities from harassing and threatening him, *see id.* at 2-3, and transferring "current criminal investigations and criminal charges . . . to the appropriate federal court," *id.* at 2.

Injunctive relief "is an extraordinary and drastic remedy . . . that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (citation omitted).  The Court considers the same factors whether a plaintiff seeks a temporary restraining order or a preliminary injunction.  *See, e.g., Price v. U.S. Dep't of Justice*, No. 18-CV-1339, 2019 WL 2526439, at *3 (D.D.C. June 19, 2019) (quoting *Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 72 (D.D.C. 2001)).  They are: "(1) the movant's showing of a substantial likelihood of success on the merits, (2) irreparable harm to the movant, (3) substantial harm to the nonmovant, and (4) public interest."  *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (citation omitted).  In the District of Columbia Circuit, courts have "traditionally balanced these four factors on a 'sliding scale' whereby a movant's unusually strong showing on one factor could compensate for weaker showings on one or more other factors."  *Pinson v. U.S. Dep't of Justice*, 177 F. Supp. 3d 474, 477 (D.D.C. 2016) (citations omitted).  The sliding scale approach is called into question, however, in light of the Supreme Court's ruling in *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008), which requires "some showing on each factor," *Singh v. Carter*, 185 F. Supp. 3d 11, 20 (D.D.C. 2016) (citing *Winter*, 555 U.S. at 23-24,

31-32).  Regardless of approach, the movant must demonstrate an irreparable injury.  *See Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) (stating that the injury "must be both certain and great; it must be actual and not theoretical"); *see also Winter*, 555 U.S. at 22. Plaintiff addresses none of these factors, and thus fails to demonstrate that extraordinary relief is warranted.

Furthermore, defects of plaintiff's complaint warrant dismissal of this action.  For example, plaintiff fails to demonstrate that he has standing to pursue claims arising from the seizure of property belonging to the church.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (stating that a plaintiff "must have suffered an 'injury in fact,'" that is "actual or imminent, not 'conjectural' or 'hypothetical,'" that there be a causal connection between the injury and the conduct complained of," and that it "be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'").  Although dismissal of a complaint "solely on the ground that the court lacks personal jurisdiction over the defendants" is impermissible, *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986), plaintiff offers no basis for this court's exercise of jurisdiction over parties who live or reside in Colorado, *see, e.g.*, *Stringer v. Downy*, No. 1:20-CV-01898, 2020 WL 4335524, at *2 (D.D.C. July 27, 2020). And to the extent plaintiff pursues a claim under 18 U.S.C. § 242, the complaint fails to state a claim upon which relief can be granted because there is no private right of action under this federal criminal statute.  *See e.g.*, *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003).

The Court will grant plaintiff's application to proceed *in forma pauperis*, deny his motion for a temporary restraining order, and dismiss the complaint and this civil action without prejudice.  An Order is issued separately.

DATE: August 21, 2020                    /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge

4